## STATE v. FISHER.

(Filed 22 December, 1908).

1. **Murder—Conviction in Second Degree—Instructions—Evidence as to First Degree.**

   When, upon trial for murder, the prisoner has been convicted of murder in the second degree, there is no reversible error in the refusal of the trial Judge to charge that there was no evidence sufficient for conviction of murder in the first degree.

2. **Murder—Evidence—Character of Deceased—Self Defense.**

   When, upon a trial for murder, the prisoner has not testified, and the only evidence of the manner of killing was given by eye witnesses, containing no element of self-defense, testimony of the dangerous character of the deceased should be excluded, on objection.

3. **Witnesses—Character—Evidence Impeaching—Contradictory.**

   It may be shown, on cross-examination, by the State, to impeach defendant's character witness, that this witness had offered a reward for prisoner and therein, and otherwise, had stated and published that he was a man of dangerous character, though the trial is for murder, without element of self-defense, and with direct evidence as to the manner of the homicide.

ACTION tried before *Ferguson, J.,* and a jury, Fall Term, 1908, of POLK.

The prisoner was indicted for, and convicted of, the murder in the second degree of R. F. W. Alston, and appealed from the judgment of the Court.

*Assistant Attorney-General Hayden Clement* for the State. Defendant not represented in this court.

Brown, J. The prisoner assigns as error the refusal of the Court to instruct the jury that there is no evidence of murder in the first degree. It is unnecessary to consider this exception as the prisoner was convicted of the lesser offense of murder in the second degree. *State v. McCourry,* 128 N. C., 599.

The next four assignments of error relate to the exclusion of certain evidence for the purpose of proving that the deceased was a dangerous and violent man. The questions asked for .the purpose of eliciting such evidence were put to the State's witness, Swann, upon cross-examination by prisoner. They were objectionable in form, and should have been excluded for that reason, but had they been unobjectionable in that respect they were then incompetent. . When these questions were asked the witness the prisoner had not testified. The only testimony that had been introduced was the testimony of the two State's eye-witnesses to the homicide; therefore the Court properly excluded the questions and answers, for the reason that the killing was not circumstantial and there was no element of self-defense, as testified to by the State's witnesses. *Turpin's case,* 77 N. C., 473; *State v. Banner,* at this term.

At the time such evidence was sought to be introduced by the prisoner, nothing had been offered tending to show a killing in self-defense, nor were the manner and circumstances of the killing in doubt.

It is doubtful, to say the least, if the prisoner's own evidence, if taken to be true, makes out a case of self-defense, but certainly, at the time he sought to prove the character of the deceased, there was nothing in evidence upon which such defense could be predicated.

Assignments 6, 7, 8 and 9 relate to exceptions of a similar character.

On cross-examination the solicitor asked the witness, W. C. Robinson, who was a character witness for the prisoner, the following question: "Didn't you state in the offer of reward for the prisoner that he was a dangerous and violent man?" This question and answer were competent in this connection, inasmuch as they tend to contradict the evidence of the witness. The prisoner, by introducing witness Robinson, a character witness, had put his character in evidence, and it was therefore proper to impeach the witness' testimony of the prisoner's character. This could be done either by showing contradictory statements that the witness had made, or by showing the circulation of circulars sent out by the witness describing prisoner as a dangerous and violent man, and also by asking the witness concerning a letter he had written one Holmes, describing the prisoner as such.

Upon a careful review of the record we find

No error.