State v. Harris

STATE OF NORTH CAROLINA v. JAMES ALLEN HARRIS

No. 803SC443

(Filed 4 November 1980)

**Criminal Law § 85.1– character witness– impeachment – calls reporting suspicion defendant was drug dealer**

    In a prosecution for felonious sale of narcotics and possession of narcotics with intent to sell, a police officer who testified as a character witness for defendant was properly cross-examined for impeachment purposes as to whether he had called an SBI agent several times to report his suspicion that defendant was dealing in drugs.

APPEAL by defendant from *Fountain, Judge*. Judgment entered 30 October 1979 in Superior Court, PITT County. Heard in the Court of Appeals 6 October 1980.

Defendant was convicted of the felonious sale of bromo-dimethoxyamphetamine and possession with intent to sell in violation of G.S. 90-95(a)(1). An active sentence of five to seven years was imposed.

*Attorney General Edmisten, by Assistant Attorney General Francis W. Crawley, for the State.*

*John H. Harmon, for defendant appellant.*

VAUGHN, Judge.

The sole issue is whether it was error to permit cross-examination of defendant's character witness concerning calls he made to an agent about his suspicion that defendant was dealing in drugs. We conclude that cross-examination on this matter was a proper means of impeachment of a character witness.

A character witness for the defense, Craig Finley, a police officer in defendant's community, was cross-examined in the following manner:

    Q. Do you know Mr. McLeod here?

    A. Yes, sir.

    Q. Malcolm McLeod with the S.B.I.?

A. Yes sir.

Q. You have had dealings with him in your capacity or as an officer of the Winterville Police Department?

A. Yes sir. I have called him several times.

Q. In fact, haven't there been occasions that you called Mr. McLeod about this defendant right here, reporting to him that you suspected him of dealing in narcotic drugs?

MR. SHOFFNER: Objection.

COURT: Overruled.

A. Yes sir.

Q. What was your answer?

A. Yes, sir. I believe so.

MR. SHOFFNER: Move to strike his answer.

COURT: Overruled.

COURT: Members of the jury, the testimony of this witness concerning any call he has made to Mr. McLeod with reference to the defendant is not substantive evidence and it is admitted for the purpose of impeaching the testimony of this witness in the event you find it does impeach his testimony and for no other purpose.

A legitimate purpose of cross-examination is impeachment of a witness's credibility, and any circumstance tending to show a defect in the witness's veracity is relevant for that purpose. 1 Stansbury, N.C. Evidence § 38 (Brandis rev. 1973). Defendant placed his character in issue by calling character witnesses to testify in his behalf. A character witness may be impeached by cross-examination about contradictory statements he has made. *State v. Fisher,* 149 N.C. 557, 63 S.E. 153 (1908); 1 Stansbury, *supra,* § 46. Defense witness Finley testified upon cross-examination that he had called a S.B.I. agent several times to report his suspicion that defendant was dealing in drugs. Obviously, these prior declarations were inconsistent with Fin-

ley's trial testimony that defendant had a good reputation in the community and were, therefore, admissible impeachment evidence.

Nevertheless, defendant contends that this cross-examination was an improper exploration of the witness's personal knowledge of specific acts of misconduct by defendant. To support this argument, defendant cites the case of *State v. Hunt,* 287 N.C. 360, 215 S.E. 2d 40 (1975). In *Hunt,* the solicitor asked the defense witness whether he knew that defendant had a police record and had served time for possession of marijuana and assault. After negative responses, the solicitor then asked "[a]nd if you know this, you wouldn't have given him the good character and reputation you did, would you?" That type of cross-examination was clearly improper; however, *Hunt* is inapposite here. *Hunt* applied the well established rule that a character witness may not be asked *whether he has heard* of particular acts of misconduct by defendant. In the instant case, the witness was asked whether he had, in his official capacity, called a narcotics officer reporting his suspicions concerning defendant. Finley was not asked about the basis for his suspicion or about his personal knowledge of defendant's specific drug dealings. This evidence was properly elicited on cross-examination because "it consisted of declarations from the witness himself, having a direct tendency to contradict the testimony he had given in [defendant's] favor, and was clearly admissible . . . ." *State v. Dove,* 156 N.C. 653, 659, 72 S.E. 792, 795 (1911). In addition, the judge properly instructed the jury, without out a request from defendant, that Finley's testimony about the calls to the agent was admissible only for impeachment purposes and not as substantive evidence.

No error.

Chief Judge MORRIS and Judge WELLS concur.